IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLTON REED TIPTON, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00060-FB |
| | § | |
| vs. | § | |
| | § | |
| BOBBY LUMPKIN, DIRECTOR OF THE | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONS DIVISION; | § | |
| LARISSA WYSOCKI, ASSISTANT | § | |
| WARDEN, CONNALLY UNIT; | § | |
| AMANDA ACOUSTA, SERGEANT OF | § | |
| CORRECTIONAL OFFICERS; | § | |
| CYNTHIA CONTRERAS, SERGEANT | § | |
| OF CORRECTIONAL OFFICERS; A. | § | |
| WRONA, SERGEANT OF | § | |
| CORRECTIONAL OFFICERS; RUTH | § | |
| TRICE, CAPTAIN OF CORRECTIONAL | § | |
| OFFICERS; LOBRAINE SALAS, | § | |
| GRIEVANCE INVESTIGATOR; V. | § | |
| GARCIA, GRIEVANCE | § | |
| INVESTIGATOR; RUSSELL BRILEY, | § | |
| CHAPLAIN; PHONSO RAYFORD, | § | |
| SENIOR WARDEN; AND | § | |
| CHRISTOPHER PAULEY, CAPTAIN OF | § | |
| CORRECTIONAL OFFICERS, | § | |
| MCCONNELL UNIT; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion to Dismiss Plaintiff's

Amended Complaint [#32]. All dispositive pretrial matters in this case have been referred to the

undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and

Appendix C [#37]. The undersigned has authority to enter this recommendation pursuant to 28

U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that the motion to dismiss be **granted in part and denied in part**.

## I.  Background

This action challenges the grooming policy of the Texas Department of Criminal Justice (TDCJ).  Plaintiff Charlton Reed Tipton, an inmate currently incarcerated at TDCJ's John B. Connally Unit, initiated this action on January 1, 2021, by filing a *pro se* "Writ of Mandamus" and motion to proceed *in forma pauperis* (IFP) in the Corpus Christi Division of the Southern District of Texas, against Bobby Lumpkin, Director of TDCJ.  Tipton argued in this filing that he has been recognized by TDCJ as a Native American since 2005 and should be entitled to grow his hair for religious reasons like other plaintiffs who have challenged the grooming policy in past cases filed in this district.  Because the Connally Unit is located in the San Antonio Division of the Western District of Texas, the Southern District transferred the case to this Court on January 22, 2021, pursuant to 28 U.S.C. § 1404(a).

After transfer of this case, the District Court granted Tipton's motion to proceed IFP and construed his "Writ of Mandamus" as a civil complaint arising under 42 U.S.C. § 1983. Lumpkin promptly filed a motion to dismiss, to which Tipton responded with a motion for leave to file an amended complaint and several motions for preliminary injunction.  The District Court granted Tipton's motion, allowed him leave to file an amended pleading, dismissed Lumpkin's motion to dismiss without prejudice, and indicated it would rule on the preliminary injunction motions at a later date.  Tipton thereafter filed his Amended Complaint, which remains the live pleading in this action.   (Am. Compl. [#30].)   The Amended Complaint challenges the constitutionality of the grooming policy on First Amendment and other constitutional grounds and alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA),

2

42 U.S.C. § 2000cc, *et seq.*   Lumpkin filed a renewed motion to dismiss, and the District Court referred this case to the undersigned.[1]

Following the referral of the instant case, Tipton filed a *pro se* response to the motion to dismiss.   (Resp. [#40].)   The undersigned thereafter appointed Tipton counsel and entered a Scheduling Order, which included a deadline to allow appointed counsel to file a supplemental response to the motion to dismiss.   Plaintiff's counsel filed the additional response on February 24, 2022.   (Suppl. Resp. [#49].)   Although Plaintiff's counsel also was given additional time to file a motion for leave to amend pleadings until March 25, 2022, he did not seek leave to amend from the Court.   Accordingly, the motion to dismiss is ripe for the Court's review.

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."   *Iqbal*, 556 U.S. at 678.

---

[1] Tipton has also filed a second civil rights action alleging that various TDCJ employees subjected him to excessive force in enforcing the grooming policy and engaged in retaliatory discipline in response to his opposition of the policy and filing of this lawsuit.   This case was also transferred to this Court and is separately pending before the undersigned.   *See Tipton v. Rayford*, 5:21-CV-493-FB-ESC.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).   However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

This Court is mindful that in evaluating the merits of Defendants' motions to dismiss, this Court views Plaintiff's *pro se* pleadings under a less stringent standard than those drafted by an attorney.  *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).  Although counsel has been appointed to represent Tipton, the undersigned will liberally construe Tipton's Second Amended Complaint, which he drafted, and draw all reasonable inferences from his pleadings.  *See id.*

### III. Analysis

Tipton's Amended Complaint asserts the following claims against Lumpkin: violation of the right to free exercise of religion under the First Amendment pursuant to Section 1983; violation of the right to be protected from cruel and unusual punishment under the Eighth Amendment pursuant to Section 1983; violation of the right of equal protection under the laws under the Fourteenth Amendment pursuant to Section 1983; and a violation of RLUIPA.  (Am. Compl. [#30], at ¶¶ 46–60.)  Tipton seeks declaratory and injunctive relief for these alleged violations, as well as compensatory damages for his mental and emotional injury, nominal damages, and punitive damages.  (*Id.* at ¶¶ 192–98.)

4

The live pleading also names a number of additional TDCJ employees as Defendants, some of which are also named defendants in the 5:21-CV-493 action.  These Defendants all appear to be individuals involved in the enforcement of the grooming policy against Tipton and the disciplinary and grievance process at the Connally Unit.  None of these additional Defendants have been served or entered an appearance in this case.  Insofar as Tipton is also attempting to advance claims against these other Defendants based on their alleged retaliation against him for resisting compliance with the grooming policy, those claims are pending in the 5:21-CV-493 action, and these other Defendants have not been served with this lawsuit. Lumpkin is the only Defendant who has been served, appeared, and filed a motion to dismiss, and only Tipton's claims against Lumpkin are addressed in this report and recommendation.

Lumpkin seeks dismissal of Tipton's claims on several grounds.  First, he argues that the Prison Litigation Reform Act's physical-injury requirement bars Tipton's claim for compensatory damages.  Secondly, he argues that Tipton's Amended Complaint fails to state a plausible claim for any constitutional violation under Section 1983 because he does not allege that Lumpkin was personally involved in or the moving force behind the alleged violations. Third, Lumpkin challenges the plausibility of Tipton's First, Fourteenth, and Eighth Amendment claims, arguing that the grooming policy is a reasonable restriction of Tipton's free exercise of religion and that the Amended Complaint fails to allege any facts from which a reasonable factfinder could infer Tipton was subjected to cruel and unusual punishment.  Finally, Lumpkin argues Tipton has failed to state a claim under RLUIPA because Tipton has not alleged facts that would demonstrate TDCJ's policy creates a substantial burden on his free exercise of religion. For the following reasons, the District Court should grant Lumpkin's motion to dismiss as to all

of Tipton's Section 1983 claims, deny the motion to dismiss as to Tipton's RLUIPA claim, and dismiss Tipton's claim for compensatory and punitive damages.

**A.      Tipton fails to state a plausible claim for a violation of the First or Fourteenth Amendments.**

Tipton alleges that TDCJ's grooming policy violates his right to free exercise of his Native American religion and his right to equal protection under the laws.  "The Free Exercise Clause of the First Amendment, which has been applied to the States through the Fourteenth Amendment, . . . provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .'"  *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993) (quoting U.S. Const. amend. I).  Prison inmates retain their First Amendment right to exercise their religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  Prisoners must be afforded "reasonable opportunities" to "exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty." *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *see also Davis v. Davis*, 826 F.3d 258, 265 (5th Cir. 2016).

However, an inmate's right to free exercise "is subject to reasonable restrictions and limitations necessitated by penological goals."  *McFaul v. Valenzuela*, 684 F.3d 564, 571–72 (5th Cir. 2012) (quoting *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)).  A burden on the inmate's right to free exercise is constitutionally permissible so long as the restriction is "reasonably related to legitimate penological interests."  *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *O'Lone*, 482 U.S. at 349 (internal citations omitted).

Similarly, the Fourteenth Amendment's equal protection guarantee does not require that every practice of every religious group within a prison be fully accommodated.  *See Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 862–63 (5th Cir. 2004).  Again, prison administrators

6

need only provide inmates with reasonable opportunities "to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments." *Id.* (quoting *Cruz*, 405 U.S. at 322). The standard set forth in *Turner v. Safley*, under which a prison regulation that impinges on a fundamental constitutional right is valid if it is reasonably related to legitimate penological interests, also applies also to equal protection claims. *Id.* at 863.

Tipton bears the burden of showing that the TDCJ's grooming policy, as applied, is not reasonably related to legitimate penological objectives. *DeMarco v. Davis*, 914 F.3d 383, 388–89 (5th Cir. 2019). Several factors are relevant in determining the reasonableness of the regulation at issue, including: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the availability of other alternatives to the prison regulation in question that would accommodate the prisoners' rights at de minimis cost to valid penological interests. *Green v. Polunsky*, 229 F.3d 486, 489–90 (5th Cir. 2000) (citing *Turner*, 482 U.S. at 89).

Lumpkin argues that Tipton fails to allege sufficient facts to demonstrate how the grooming policy affects his faith and impinges on his free exercise or that could lead the Court to find there is no penological interest in TDCJ's implementation of the grooming policy. Tipton's counsel responds that whether the challenged grooming policy is related to legitimate penological purposes is best addressed on a motion for summary judgment, not a motion to dismiss, after Lumpkin has come forward with evidence describing the objective and Tipton has had the opportunity to provide his own evidence refuting it.

7

Although the validity of TDCJ's penological purpose in maintaining the prison grooming policy at issue could be viewed as a fact-dependent inquiry, the Fifth Circuit has repeatedly stated that "as a general matter," the TDCJ grooming policy challenged in this case and other similar grooming policies are rationally related to several valid penological goals. *See Toppins v. Day*, 73 Fed. App'x 84, at \*2 (5th Cir. 2003) (identifying goals of prisoner security and inmate identification as among those advanced by Louisiana Department of Corrections grooming policy); *Green*, 229 F.3d at 490–91 (concluding TDCJ's grooming policy advances valid penological goals of prisoner identification (especially during escape), protection of guards against hidden contraband, and preventing signaling of gang affiliation); *Hicks*, 69 F.3d at 25 (finding TDCJ's grooming policy is rationally related to achievement of valid penological goals, such as security and inmate identification); *Scott v. Miss. Dep't of Corr.*, 961 F.2d 77, 80 (5th Cir. 1992) (concluding Mississippi Department of Corrections grooming policy was "reasonably related to the prison's paramount security concerns"). Therefore, the Fifth Circuit has repeatedly dismissed claims of prisoners challenging such policies under the First Amendment for frivolousness or on a threshold motion to dismiss without requiring further development of an evidentiary record. *See Green*, 229 F.3d at 490–91 (affirming dismissal of First Amendment challenge to TDCJ grooming policy's prohibition on inmate beards); *Hicks*, 69 F.3d at 25 (affirming dismissal for frivolousness of inmate's First Amendment claim challenging TDCJ's grooming policy prohibiting long hair and beards).

"Although the TDCJ grooming policy may not be the least restrictive policy available to achieve the prison's interests, that is not what is required" to satisfy the First or Fourteenth Amendments. *Green*, 229 F.3d at 490–91. TDCJ's challenged grooming policy need only be rationally related to a legitimate penological objective. *See Turner*, 482 U.S. at 89. In light of

the binding Fifth Circuit precedent recognizing the valid penological objectives behind TDCJ's hair-grooming policy, Tipton has not stated a plausible First or Fourteenth Amendment violation and the Court should dismiss these claims.

**B.      Tipton fails to state a claim for a violation of the Eighth Amendment.**

Tipton also alleges that TDCJ's grooming policy violates the Eighth Amendment.  The Eighth Amendment protects prisoners from uses of force which amount to cruel and unusual punishment.  *Hudson v. McMillian*, 503 U.S. 1, 5–7 (1992).  To prevail on a claim of excessive force under the Eighth Amendment, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that the plaintiff suffered an injury.  *Id.* at 7.  For an injury to be cognizable under the Eighth Amendment, it must be more than *de minimus*.  *Id.*

Lumpkin argues that Tipton has failed to allege any conduct that could constitute cruel and unusual punishment.  The undersigned agrees.  Tipton has not alleged any physical injury resulting from TDCJ's enforcement of its grooming policy, only that he was physically restrained in a barber chair during the forced cutting of his hair.  (Am. Compl. [#30], at ¶¶ 178–84.)  These allegations do not state a plausible Eighth Amendment violation, and the District Court should dismiss Tipton's Eighth Amendment claim.

**C.      Tipton has stated a plausible claim for the violation of RLUIPA.**

Finally, Tipton also alleges TDCJ's grooming policy violates RLUIPA.  RLUIPA, which concerns institutionalized persons, states the following:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and

9

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).  RLUIPA provides for a private right of action and implements a burden-shifting framework for enforcement that affords prisoners greater protections than those provided under the First Amendment.  *See id.* § 2000cc–2(a); *Chance v. Tex. Dep't of Crim. Justice*, 730 F.3d 404, 410 (5th Cir. 2013).

A RLUIPA plaintiff must first show that (1) the relevant religious exercise is grounded in a sincerely held religious belief and (2) the government's action or policy substantially burdens that exercise by, for example, forcing the plaintiff to engage in conduct that seriously violates his or her religious beliefs.  *Ali v. Stephens*, 822 F.3d 776, 782–83 (5th Cir. 2016) (citing *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015)).  If the plaintiff carries this burden, the government bears the burden of proof to show that its action or policy (1) is in furtherance of a compelling governmental interest and (2) is the least restrictive means of furthering that interest.  42 U.S.C. § 2000cc–1(a); *Holt*, 574 U.S. at 362–63.

The Fifth Circuit previously addressed a challenge to TDCJ's short-hair policy under RLUIPA in *Longoria v. Dretke*, 507 F.3d 898 (5th Cir. 2007) (per curiam).  In *Longoria*, an inmate alleged that his religion barred him from cutting his hair and sought an exemption from the policy.  *Id.* at 900.  The district court dismissed the inmate's RLUIPA claim as frivolous, without first requiring TDCJ to demonstrate the substantial burden asserted on the Longoria's religious exercise was narrowly tailored governmental interest under RLUIPA.  *Id.* at 904.  The Fifth Circuit affirmed, concluding that the evidentiary showing in a previous Fifth Circuit case, *Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997), was sufficient to preclude Longoria's RLUIPA claim seeking to grow long head hair.  *Id.*

Subsequently, however, the Fifth Circuit has concluded that *Longoria* does not foreclose all RLUIPA claims seeking exemptions from TDCJ's grooming policy. *See, e.g.*, *Ali*, 822 F.3d at 784 (discussing *Longoria* but concluding that the plaintiff's request to grow a four-inch beard under RLUIPA was not barred by the Fifth Circuit's previous decision). RLUIPA requires courts to scrutinize the asserted harm of granting specific exemptions to the *particular* plaintiff and to look at the "marginal interest in enforcing" the challenged governmental action in that *particular* context. *Id.* (quoting *Holt*, 574 U.S. at 363). This Court must engage in careful consideration of the specific facts at issue in this case and whether denying Tipton's requested exemption from TDCJ's grooming policy is the least restrictive means of furthering a compelling governmental interest in maintaining prison safety in light of the security risk presented by Tipton specifically. *Id.* at 784–85. Tipton's RLUIPA claim cannot be resolved on the pleadings alone.

Finally, contrary to the arguments in Lumpkin's motion to dismiss, Tipton has sufficiently alleged facts that TDCJ's grooming policy creates a substantial burden on his religious beliefs and exercise. Tipton's Amended Complaint alleges that he follows the Native American religion and that the grooming policy at issue forces him to cut his hair, which his religion only permits in order to honor the death of a close relative. (Am. Compl. [#30], at ¶ 29.) The District Court should deny Lumpkin's motion to dismiss as to Tipton's RLUIPA claim.

**D.      Tipton may not pursue compensatory or punitive damages under RLUIPA.**

The Prison Litigation Reform Act (PLRA) contains a requirement that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Lumpkins argues the PLRA bars

Tipton's claim for compensatory damages because he fails to allege any physical injury.  Indeed, Tipton's Amended Complaint does not allege physical injury and specifically requests compensatory damages "for mental and emotional injury caused by denying [him] his right to freedom of religion."  (Am. Compl. [#30], at ¶ 195.)  Tipton's appointed counsel also confirms that Tipton is not complaining about any physical injury.  (Suppl. Resp. [#49], at 5.)

The Court need not address this argument, however, as an award of damages under RLUIPA against Lumpkin in his official capacity is barred by Texas's sovereign immunity. *Sossamon v. Lone Star of Tex.*, 560 F.3d 316, 331 (5th Cir. 2009).  Furthermore, RLUIPA does not create a cause of action against defendants in their individual capacities for damages.  *Id.*

The undersigned notes that Tipton also seeks nominal damages against each Defendant and punitive damages.  Although nominal and punitive damages are not barred by the PLRA, *see Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 606 (5th Cir. 2008), the Fifth Circuit has found for the same reasons that the recovery of punitive damages under RLUIPA is prohibited, "even if RLUIPA intended to permit them."  *Sossamon*, 560 F.3d at 331 n.51.  Tipton may, however, pursue nominal damages against Lumpkin in his official capacity under RLUIPA. *Barnes v. Pierce*, 338 Fed. App'x 373, *1 (5th Cir. 2009).

**E.     The District Court should dismiss all named Defendants except for Lumpkin, and Tipton's RLUIPA claim should be tried to the bench.**

As previously noted, Tipton's Amended Complaint includes numerous additional Defendants aside from Lumpkin who have not yet been served or entered an appearance in this case.  These various TDCJ employees may have been involved in the enforcement of the grooming policy against Tipton or the grievance procedures related to that incident, but these Defendants do not have the authority to provide Tipton with the relief he seeks through this lawsuit—an injunction granting him an exemption from TDCJ's grooming policy.  The only

12

proper Defendant in this case is Lumpkin, Director of TDCJ, the individual who can provide such relief.

Additionally, because the only claim that should proceed to trial is Tipton's RLUIPA claim for injunctive and declaratory relief, Tipton is not entitled to a jury trial. *See Thunderhorse v. Pierce*, 364 Fed. App'x 141, 148 (5th Cir. 2010) (affirming denial of request for jury trial on RLUIPA claim where plaintiff only sought injunctive and declaratory relief). *See also Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) ("[U]nless Congress has expressly provided to the contrary, an injunction is an equitable remedy that does not invoke a constitutional right to a jury trial.") (citations omitted)).

Furthermore, the possibility of recovering nominal damages does not entitle Tipton to a jury trial. *See McClanahan v. Wilson*, No. 17-1720-JWD-RLB, 2019 WL 3456623, at * (M.D. La. July 31, 2019) (surveying circuit court of appeals and concluding that a plaintiff does not have a right to jury trial solely on issue of nominal damages); *see also Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d Cir. 2001) (holding same); *Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (same). Although Tipton has expressed in various communications to the Court that he demands a jury trial, he is not entitled to a jury trial and this case should proceed to trial before the bench.

### IV.  Conclusion and Recommendation

Having considered the motion to dismiss, responses thereto, pleadings, and governing law, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#32] be **GRANTED IN PART AND DENIED IN PART** as set forth herein.  The District Court should dismiss Tipton's constitutional claims under 42 U.S.C. § 1983 but should allow Tipton's RLUIPA claim for declaratory and injunctive relief and nominal damages to

proceed to a bench trial, as RLUIPA does not permit Tipton to recover compensatory or punitive damages.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of March, 2022.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE