UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLTON REED TIPTON,<br>TDCJ # 01306505,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOBBY LUMPKIN, Director of the<br>Texas Department of Criminal Justice-<br>Institutions Division; ET AL.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　　CIV. NO. SA-21-CV-0060-FB<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on February 1, 2023 (ECF No. 96); and Plaintiff's Objections to Magistrate Judge Elizabeth S. Chestney's Report and Recommendation filed on February 14, 2023 (ECF No. 98).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de

novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Plaintiff filed this action seeking to challenge a grooming policy of the Texas Department of Criminal Justice ("TDCJ"). Tipton argued in his complaint that he has been recognized by TDCJ as a Native American since 2005 and should be allowed to grow his hair for religious reasons notwithstanding TDCJ's grooming policy then in effect. (ECF No. 1). Tipton subsequently amended his complaint challenging the constitutionality of the grooming policy on First Amendment and other constitutional grounds and alleging a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (ECF No. 30).

TDCJ filed a motion to dismiss (ECF No. 32), and Tipton responded (ECF No. 40). The Magistrate Judge subsequently issued a report and recommendation on the motion to dismiss, recommending dismissal of all of Tipton's claims except for his claim under RLUIPA. (ECF No. 58). No objections were filed and on April 18, 2022, the undersigned accepted the Report and Recommendation (ECF No. 58), dismissing Plaintiff's constitutional claims under 42 U.S.C. § 1983 apart from Plaintiff's RLUIPA claim for declaratory and injunctive relief, as well as nominal damages. (ECF No. 66).

In his amended complaint, Tipton sought a "declaration that the acts and omissions described herein violated Tipton's rights under the constitution" and a "preliminary and permanent injunction ordering Defendants to cease the enforcement of the [TDCJ] grooming policy to listed and documented Native Americans." (ECF No. 30 at 20). Tipton argued that the Defendants refused to modify the grooming policy, thereby denying him freedom of religion by prohibiting him from growing his hair and further, imposing cruel and unusual punishment by forcibly cutting his hair. (*Id.* at 5, 8-9).

At the time Tipton filed his Original and Amended Complaints, SM-06.16 (revision 4), governed "Offender Grooming" and required male offenders to keep their hair "trimmed up the back of the neck and head." (ECF No. 91-1, Grooming Policy Version 4, at 3). Hair was required to be "neatly cut" and "cut around the ears." (*Id.*). No exception was made for inmates such as Tipton to grow their hair long in keeping with their religious beliefs.

On May 10, 2022, after Tipton filed his Original and Amended Complaints, TDCJ's grooming policy was revised to allow male inmates "who meet the eligibility requirements in this policy" to grow long hair. (ECF No. 91-1, Grooming Policy Version 5, at 8). On June 1, 2022, the policy was revised again. (ECF No. 91-1, Grooming Policy Version 6, at 12). The current version of the policy provides that "inmates who meet the eligibility requirements in this policy may grow long hair." (*Id.* at 13). The policy further states that the following inmates are not eligible to grow long hair or a beard:

A. Inmates who have received a security precaution designator for escape or attempted escape;

B. Inmates who have been found guilty of a disciplinary offense for concealing contraband within the last five years; or

C. Inmates who have been found guilty of a disciplinary offense for refusing a valid order to allow a search of the inmate's facial or long hair within the last two years.

(*Id.* at 15). There are no other limitations on eligibility set forth in the policy. For those inmates eligible to grow their hair long who choose to do so, hair "may be worn in a single braid or ponytail that is easily removable for a search upon request," and "[l]ong hairstyles that make an inmate's hair difficult to search are not allowed." (*Id.* at 13).

The declaration of Eric Guerrero, Deputy Division Director in the Correctional Institutions Division of TDCJ, is attached to TDCJ's response to the Court's Show Cause Order. (ECF No. 95-1, Guerrero Decl. at 2–3). The declaration states that the policy change is in effect

3

for the entire prison system. (*Id.* at 2). Mr. Guerrero has reviewed the classification and disciplinary records for Tipton and concluded he is eligible to grow his hair long and, in fact, currently wears his hair long. (*Id.*). Consequently, TDCJ argues that due to the amendments to the grooming policy, there no longer exists any live controversy under Article III and this case should be dismissed for lack of subject matter jurisdiction. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (citing *United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006) (per curiam)).

Based on her analysis, Magistrate Judge Chestney concludes this case should be dismissed for lack of subject matter jurisdiction due to mootness. Plaintiff in his objections disagrees with Magistrate Judge Chestney's analysis and recommendations to this Court that this case is moot. He first disputes Judge Chestney's statement that "[t]he only relief Tipton seeks in this case is the right to grow his hair long in accordance with his religious beliefs." Plaintiff maintains that he "seeks a judicial declaration that he has a right under RLUIPA to grow his hair long, in accordance with his religious beliefs, and that any policy which restricts his right to do so violates RLUIPA." However, Plaintiff's request for relief was not as broad as he now asserts. (ECF No. 30). In any event, given the modifications to the grooming policy Tipton challenged, which now allow him to grow his hair long in accordance with his religious beliefs, Plaintiff has been afforded the relief requested rendering this case moot.

Plaintiff also argues the mere promulgation of a new policy does not render Tipton's claim moot because the policy is vague and only gives Tipton the right to apply for an "exception," not a guarantee he will be permitted to grow his hair long consistent with his religious beliefs. Tipton cites the Supreme Court's recent decision in *Tucker v. Gaddis*, in which the Court rejected an argument for dismissal of a RLUIPA case based on mootness in a case against TDCJ regarding the right to hold religious gatherings. 40 F.4th 289, 292 (5th Cir. 2022).

As Judge Chestney notes in her recommendation, the *Tucker* case is distinguishable in that the new policy merely allowed the plaintiff to apply for a congregation; it did not allow his religious community to congregate. *Id.* at 290. Moreover, as of the date of the Supreme Court's decision, TDCJ had not permitted the plaintiff and other adherents of his religion to congregate. *Id.* at 290–91. Nor was there any indication that TDCJ would allow them to do so anytime soon. *Id.* Unlike *Tucker*, in the present case, the new policy has enabled Plaintiff to grow his hair long in accordance with his religious beliefs; therefore, Plaintiff has been afforded the relief requested. Plaintiff does not contend he falls within one of the exceptions of inmates not allowed to grow their hair long. He merely argues that should he fall into one of the exceptions, he will no longer have the right to grow his hair long notwithstanding his religious beliefs. However, as Judge Chestney stated in her recommendation, "[i]f in the future circumstances transpire to demonstrate that the policy is being applied by TDCJ in a way that unduly burdens Tipton's religious rights, then Tipton could file a new lawsuit based on the new policy and those circumstances."

Accordingly, Plaintiff's objections are overruled.

The Court has reviewed Plaintiff's objections and conducted a de novo review of those issues raised by the Plaintiff. The Court finds, after careful consideration of the record and the Report and Recommendation, that the objections lack merit. The Court hereby accepts, approves, and adopts the Magistrate Judge's conclusions and recommendation contained in the Report and Recommendation (ECF No. 96), and finds the recommendation should be accepted such that Plaintiff's remaining RLUIPA claim and this case should be **DISMISSED**.

Accordingly, **IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge, filed in this case on February 1, 2023 (ECF No. 96), is **ACCEPTED** such that Plaintiff's remaining RLUIPA claim and this case are **DISMISSED** for

lack of subject matter jurisdiction due to mootness. Motions pending, if any, are also **DISMISSED**, and this case is now **CLOSED**.

SIGNED this 20th day of July, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE